UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE KLIEWER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JASON BENNETT,<br><br>　　　　　　Respondent. | CASE NO. 3:24-cv-05678-BHS-BAT<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL** |

Petitioner Eugene Kliewer is serving a state criminal sentence at the Stafford Creek Corrections Center, for his convictions in Pierce County Superior Court case number 22-1-01781-5. Dkt. 1, 5. Petitioner failed to provide information about the nature of the convictions or the date he was sentenced. However, the Pierce County Superior Court Clerk's records show Petitioner pleaded guilty to three counts of communicating with a minor for immoral purposes and was sentenced on December 16, 2022.[1]

On August 15, 2024, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus challenging his Pierce County convictions. *See* Dkt.1. Under Rule 4 and Rule 1(b) of the Rules Governing § 2254 and § 2241 cases, the Court must review a habeas petition and should dismiss the petition if it "plainly appears from the petition and any attached exhibits that the

---

[1] *See* Pierce County Superior Court Criminal Case 22-1-01781-5.

REPORT AND RECOMMENDATION FOR
DISMISSAL - 1

petitioner is not entitled to relief in the district court.

The Court has reviewed the record and the habeas petition and recommends the case be DISMISSED with prejudice because (1) Petitioner is confined pursuant to state criminal convictions and challenges to these convictions must be brought under 28 U.S.C. § 2254; (2) Section 2254 habeas relief is unavailable because Petitioner filed his petition beyond the one year statute of limitations; (3) Petitioner's guilty pleas to the crimes for which he was convicted preclude habeas relief; and (5) Petitioner's claim his Fourth Amendment rights were violated due to an unlawful arrest is not grounds for § 2254 relief.

If the Court adopts the recommendation to dismiss the petition with prejudice, the Court further recommends Petitioner's motions for certification; waiver of a Magistrate Judge's report, Dkt.6,[2]; judicial notice, Dkt 7; appointment of stand-by counsel; Brady order; judicial notice of stand-by counsel; evidentiary hearing; and dismissal be stricken as moot. The Court further recommends that issuance of a certificate of appealability also be denied.

## DISCUSSION

### A.     The Habeas Petition

Using a form Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Petitioner challenges the validity of his "conviction or sentence imposed." Dkt. 1 and 5 at 2. The habeas petition indicates Petitioner did not file a direct appeal, *id.,* or any other petition or motion raising his habeas claims. *Id.* at 5.

---

[2] Petitioner's contention that a magistrate judge may not issue a report and recommendation under *Wingo v. Wedding*, 418 U.S. 461 (1974) lacks merit. *Wingo* held the Federal Magistrates Act did not authorize a magistrate judge to conduct an evidentiary hearing. The 1976 amendments to the Federal Magistrates Act authorize appointment of magistrate judges to conduct evidentiary hearings and submit proposed findings of fact and recommendations for disposition in federal habeas cases. *See* 28 U.S.C.A. s 636(b)(1)(B) (West Supp.1982). These amendments were intended to overrule *Wingo v. Wedding*. *See U.S. v. Radditz*, 447 U.S. 667, 676 (1980) ("Congress enacted the present version of § 636(b) as part of the 1976 amendments to the Federal Magistrates Act in response to this Court's decision in *Wingo v. Wedding*").

REPORT AND RECOMMENDATION FOR
DISMISSAL - 2

1  The habeas petitioner raises one ground for relief: "Fourth Amendment – unlawful seizure." *Id.* at 6.

**B.      § 2241 versus §2254 Habeas Petitions**

Plaintiff requests the Court to invalidate his state criminal conviction and order his release from prison under § 2241 by entering an order to "dismiss" his case. *See* Motion to Dismiss attached to habeas petition. Petitioner contends a § 2241 petition is the proper means to challenge the execution of a sentence that is not the result of a conviction. But his habeas petition does not challenge the execution of his sentence and instead seeks to overturn his conviction. Any prisoner who is in custody and challenges his or her state criminal conviction and sentence is required to seek habeas relief under 28 U.S.C. § 2254, and not 28 U.S.C § 2241. This is because § 2254 is the exclusive means by which a convicted individual may test the legality of his or her state conviction and detention. *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (as amended).

Moreover, because Petitioner is imprisoned pursuant to a state court criminal judgement, relief is available only under § 2254 even if he is <u>not</u> challenging his underlying state court conviction. *See Dominguez v. Kernan,* 906 F.3d 1127, 1135 (9th Cir. 2018) ("Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'" In short, as Petitioner challenges his underlying Clallam County state court judgment and sentence, such relief is available only under § 2254, not § 2241. Because the relief Petitioner requests is unavailable under § 2241, the Court treats the petition as one seeking § 2254 habeas relief.

REPORT AND RECOMMENDATION FOR
DISMISSAL - 3

**C.     The Petition is Untimely**

Petitioner contends the state conviction and sentence imposed in 2022 violates his Fourth Amendment right to be free of unlawful seizures. The habeas petition is time barred because a § 2254 federal habeas petition challenging a criminal judgment and sentence is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241 et seq. Section 2244 sets forth the applicable limitations periods:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See* 28 U.S.C. § 2244(d)(1) and (2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final upon the expiration of the 90-day period allowed for filing a petition for

REPORT AND RECOMMENDATION FOR
DISMISSAL - 4

writ of certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999; *United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

As noted above, under 28 U.S.C. § 2244(d)(2), if during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

Here, Petitioner was sentenced on December 16, 2022. He did not appeal or seek collateral relief of any kind. His conviction thus became final by April 2023 when the 90 days to seek certiorari lapsed. Petitioner presents nothing showing his final judgment has been statutorily tolled. Further there is no basis to equitably toll the statute of limitations because the facts regarding Petitioner's claim— an unlawful arrest and seizure—were obviously known to Petitioner before the time of his sentencing. Plaintiff clearly could have but failed to timely assert the claims that he now raises.

Petitioner filed the present habeas petition on August 15, 2024. Dkt. 1. The habeas petition is accordingly time barred and should be dismissed with prejudice.

D.    **The Requested Ground for Relief Lacks Merit**

"The Fourth Amendment assures the 'right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.'" *Stone v. Powell*, 428 U.S. 465, 482 (1976). But the exclusionary rule is not a personal constitutional right. *Id*. at 486.

REPORT AND RECOMMENDATION FOR
DISMISSAL - 5

The rule is a judicially created remedial device designed to deter Fourth Amendment violations by law enforcement personnel rather than "to redress the injury to the privacy of the victim of the search or seizure, for any '[r]eparation comes too late.'" *Id*. (quoting *Linkletter v. Walker*, 381 U.S. 618, 637 (1965)). As such, the Supreme Court held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494; *see also Moormann v. Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005).

The federal court's inquiry is whether a habeas petitioner had a full and fair opportunity to litigate his claim, not whether he did so or even whether the claim was correctly decided. *Ortiz–Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (citing *Gordon v. Duran,* 895 F.2d 610, 613 (9th Cir. 1990)); *Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). To obtain relief, a petitioner must demonstrate the state courts have not afforded him a full and fair opportunity to litigate his Fourth Amendment claims. *Woolery v. Arave*, 8 F.3d 1325, 1328 (9th Cir. 1993). If a state provides the processes whereby a defendant can fully and fairly litigate his Fourth Amendment claim, then the petition will be denied regardless of whether the petitioner employs those processes. *See Gordon*, 895 F.2d at 613–14 (holding that the determinative factor for the court was that California law allowed for motion to suppress evidence, not whether defendant litigated upon such grounds).

Here, Petitioner had an opportunity to litigate his unlawful search and seizure claim in the state courts. "The Washington Criminal Rules for Superior Court provide for a full and fair opportunity to litigate Fourth Amendment claims." *Hunter v. Miller-Stout*, No. C12–5517 RBL-KLS, 2013 WL 1966168, at *14 (W.D. Wash. Apr. 23, 2013), report and recommendation

1  adopted, 2013 WL 1964928 (W.D. Wash. May 10, 2013); *see also* Washington State Criminal Procedure Rule CrR 3.6. Accordingly, Petitioner's claim his Fourth Amendment rights were violated should be dismissed with prejudice.

Moreover, the Pierce County Superior Court's records show Petitioner pleaded guilty to the crimes for which he was convicted and sentenced. A petitioner who pleads guilty cannot challenge pre-plea constitutional violations on habeas corpus. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Hudson v. Moran*, 760 F.2d 1027, 1029–30 (9th Cir.1985). For this additional reason, Petitioner's claim his Fourth Amendment rights were violated should be dismissed with prejudice.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, Petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **September 3, 2024.** The Clerk should note the matter for **September 6, 2024**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 20th day of August, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

e

REPORT AND RECOMMENDATION FOR
DISMISSAL - 7